**LOCAL 513, INTERNATIONAL UNION OF OPERATING ENGINEERS, Plaintiff,**

v.

**J.S. ALBERICI CONSTRUCTION COMPANY, INC., Defendant.**

No. 88–2482C(6).

United States District Court, E.D. Missouri, E.D.

May 7, 1990.

J.F. Souders, Souders and Levine, St. Louis, Mo., for plaintiff.

Donald J. Meyer, Vining & Meyer, P.C., Clayton, Mo., for defendant.

## MEMORANDUM OPINION

GUNN, District Judge.

This case is currently before the Court on the stipulations and briefs of the parties. The Court having considered the pleadings, the documents in evidence, and the stipulations of the parties, and being fully advised in the premises, hereby makes the following findings of fact and conclusions of law, as required by Rule 52 of the Federal Rules of Civil Procedure.

## I. FINDINGS OF FACT.

Plaintiff Local 513, International Union of Operating Engineers ("Local 513") brings this action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, against J.S. Alberici Construction Co. ("Alberici") to compel arbitration of a Local 513 grievance.

Local 513 is an unincorporated labor organization within the meaning of Section 301 of the LMRA and represents employees in industry affecting commerce. The union's primary office is in St. Louis County, Missouri. Alberici is a corporation engaged in the construction business in Missouri and is an employer affecting commerce within the meaning of Section 301 of the LMRA. Local 513 and Alberici are parties to a Collective Bargaining Agreement ("the Agreement") effective May 1, 1986 until April 30, 1989.

The Agreement, marked Defendant's Exh. N, contains a provision at Article XIX, Section 4, which provides as follows:

Nothing contained in this Agreement shall be construed to prevent the right of any Employer to subcontract all or any part of work awarded to it. If, however, an Employer elects to subcontract out all or any part of such work, then, in that event, such Employer shall make adequate provision in the contract, Agreement or understanding with the subcontractors to be or become a signatory to this collective bargaining agreement and to recognize, abide by and be bound by all of the terms and provisions of this collective bargaining agreement. It is understood and agreed that this subcontractor clause requires said subcontractor to abide by and be bound by the terms and provisions of this collective bargaining agreement only for the period and on the project where the subcontractor relationship exists.

The Agreement also contains the following provision:

All grievances, disputes or claims (hereinafter called "grievances") except jurisdictional disputes which may arise with respect to wages, hours or conditions of employment or the enforcement or interpretation of any of the terms of this Agreement are to be promptly processed and settled in accordance with the provisions of this Article.

Article XVII, Section 2. The parties do not contest the validity of the above two provisions, nor do they deny that they are bound by them. Similarly, the parties do not deny their agreement to arbitrate disputes not resolved through resort to the grievance procedure. The sole issue before the Court is whether the Local 513 grievance constitutes a jurisdictional dispute and is, therefore, not arbitrable under the Agreement.

On or around January 13, 1988 Alberici entered into a subcontract with Shield

Painting Company ("Shield") to perform painting and sandblasting work on Lock and Dam No. 22 on the Mississippi River in Ralls County, Missouri. The subcontract between Alberici and Shield has been filed with the Court, marked plaintiff's exhibit 2, and made a part of the record herein.

In its contract with Shields, Alberici included the provision: "Subcontractor shall, to the extent permissible under federal law and any applicable state laws, comply with and be bound by such terms and conditions of labor agreements executed by or on behalf of Contractor as are applicable to the Subcontract work to be done hereunder, specifically including, without limitation, any provisions therein relating to the settlement of jurisdictional disputes and the determination of work assignments." Subcontract, Exh. A, p. 2, ¶ 10(a). Alberici has not, however, enforced the provision and, in fact, Shields has refused to become a signatory to, or otherwise be bound by, the Agreement between Alberici and Local 513. Thus, Local 513 urges, Alberici has violated its Agreement with Local 513 insofar as Alberici has failed to make "adequate provision" in its arrangement with Shields as contemplated by Article XIX, Section 4 of the parties' Agreement.

Alberici argues in defense of compelled arbitration that Local 513's grievance is not subject to arbitration because it constitutes a jurisdictional dispute.

## II. CONCLUSIONS OF LAW.

Four principles guide the courts in determining whether to order arbitration of grievances filed under collective bargaining agreements. *AT & T Technologies v. Communications Workers*, 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1985). First, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT & T*, 475 U.S. at 648, 106 S.Ct. at 1418. Second, "whether or not the company was bound to arbitrate, as well as what issues it must arbitrate, is

a matter to be determined by the Court on the basis of the contract entered into by the parties." *AT & T*, 475 U.S. at 649, 106 S.Ct. at 1418. Third, "a court is not to rule on the potential merits of the underlying claim." *Id*. Finally, "there is a presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.'" *AT & T*, 475 U.S. at 650, 106 S.Ct. at 1419.

The Agreement between Alberici and Local 513 clearly provides that Alberici "*shall* make adequate provision in the contract, agreement or understanding with the subcontractors to be or become a signatory to this collective bargaining agreement *and* to recognize, abide by and be bound by all of the terms and provisions of this collective bargaining agreement." (Emphasis added.) Whether or not one of the parties to the Agreement has adhered to this provision is, the Court concludes, an arbitrable issue.

Moreover, Alberici's characterization of its dispute with Local 513 as "jurisdictional" is not well founded.

As a term of art in the labor context, "the term 'jurisdictional' is not a word of a single meaning." *Carey v. Westinghouse Corp.*, 375 U.S. 261, 84 S.Ct. 401, 11 L.Ed.2d 320 (1963). There are essentially two types of jurisdictional disputes. In one, two unions assert "jurisdiction" over a particular type of work assignment. In the other, two unions vie for "jurisdiction" over a particular group of employees. *Carey*, 375 U.S. at 263, 84 S.Ct. at 404; *Jurisdictional Disputes in the Construction Industry Since CBS*, 52 Geo.L.J. 314, 316 (1964).

In the past, these disputes led to costly jurisdictional strikes. As a result, in 1947 Congress enacted Sections 8(b)(4)(D) [1] and

---

1. § 8(b)(4)(D) provides:

It shall be an unfair labor practice for a labor organization or its agents (i) to engage

in, or to induce or encourage any individual employed by any person engaged in commerce or in an industry affecting commerce

10(k)[2] of the National Labor Relations Act ("NLRB"), 29 U.S.C. §§ 158(b)(4)(D) and 160(k). *Jurisdictional Disputes,* 52 Geo. L.J. at 317.

Under Section 8(b)(4)(D), a jurisdictional strike by a union constitutes an unfair labor practice, calling into play the provisions of section 10(k). Under 10(k), the National Labor Relations Board ("the Board") has both the power and, the Supreme Court has held, the duty to determine the proper assignment of work. 29 U.S.C. § 160(k); *NLRB v. Radio & Television Broadcast Engineers (CBS),* 364 U.S. 573, 579, 81 S.Ct. 330, 334, 5 L.Ed.2d 302 (1961).

A dispute which concerns the alleged violation of a collective bargaining agreement, however, is separate and distinct from a jurisdictional dispute. For example, in *Associated General Contractors v. International Union of Operating Engineers, Local 701,* 529 F.2d 1395 (9th Cir.1976), the Ninth Circuit pointed out that separate remedies exist for the two disputes: damages for breach of contract on the one hand, and affirmative work assignment or representational determinations, on the other. Further, NLRB determination of which union should be awarded a specific job does not necessarily preclude the separate arbitration and determination of the discreet issue of breach of the collective bargaining agreement. Nor does an arbitral determination of the issue of breach of contract preclude the NLRB from hearing and determining the work assignment issue.

Most important, this Court is aware of no case where the characterization of a grievance as a "jurisdictional dispute" has been successfully used to defend an action to compel arbitration.

Finally, the facts in the record do not indicate that the grievance in this case is a classic jurisdictional dispute. Alberici does not allege that it is caught between the Teamsters and Local 513 in a contest for the work at Lock and Dam No. 22. Neither the Teamsters nor Local 513 is striking, or threatening to strike. In this case, Local 513 is not seeking replacement of the Teamster employees by its employees, nor any type of specific performance of the contract whereby subcontracting work for Alberici is to be performed only by employees who will agree to become signatories to the Alberici/Local 513 collective bargaining agreement. In fact, the Teamsters, as a collective entity, are not before the Court in this matter, or otherwise actively involved in this controversy, to the Court's knowledge.

Local 513 merely alleges that Alberici has breached the collective bargaining agreement and seeks to compel Alberici to arbitrate that issue. The Court finds that this issue is totally separate and distinct from the issues of which of the two unions, Local 513 or the Teamsters, should be assigned to do the compressor work at Lock and Dam No. 22, or of which of the two unions should represent the employees operating the Lock and Dam No. 22 compres-

---

to engage in, a strike or a refusal in the course of his employment to use, manufacture, process, transport, or otherwise handle or work on any goods, articles, materials, or commodities or (ii) to perform any services; or to threaten, coerce, or restrain any person engaged in commerce or in an industry affecting commerce, where in either case an object thereof is (D) forcing or requiring any employer to assign particular work to employees in a particular labor organization or in a particular trade, craft, or class rather than to employees in another labor organization or in another trade, craft, or class rather than to employees in another labor organization or in another trade, craft, or class, unless such employer is failing to conform to an order or certification of the Board determining the bargaining representative for employees performing such work: ....

29 U.S.C. § 158(b)(4)(D).

2. § 10(k) provides:

Whenever it is charged that any person has engaged in an unfair labor practice within the meaning of paragraph (4)(D) of section 158(b) of this title, the Board is empowered and directed to hear and determine the dispute out of which such unfair labor practice shall have arisen, unless, within ten days after notice that such charge has been filed, the parties to such dispute submit to the Board satisfactory evidence that they have adjusted, or agreed upon methods for the voluntary adjustment of, the dispute. Upon compliance by the parties to the dispute with the decision of the Board or upon such voluntary adjustment of the dispute, such charge shall be dismissed. 29 U.S.C. § 160(k).

sor. Therefore, the Court concludes that the parties' arbitration agreement covers this grievance.

Accordingly, in its accompanying order of even date herewith, the Court enters judgment in favor of plaintiff herein and against defendant and enters its order compelling defendant to arbitrate plaintiff's grievance regarding alleged breach of the collective bargaining agreement.

### ORDER

In accordance with its Memorandum Opinion filed herewith,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment herein be and it is entered in favor of plaintiff Local 513, International Union of Operating Engineers, and against defendant J.S. Alberici Construction Company.

IT IS FURTHER ORDERED that defendant be and it is compelled to arbitrate the issue of whether it has breached its collective bargaining agreement with plaintiff. Said arbitration shall progress in accordance with the procedures set forth in the collective bargaining agreement to which the parties are signatories.