09-2582-cv
Mascaro Construction v. Local No. 210, Laborers International

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of August, two thousand ten.

PRESENT:
> ROSEMARY S. POOLER,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,[*]
> > Circuit Judges.

———————————————————————————

Mascaro Construction Co. L.P.,

> Petitioner-Counter Defendant-
> Appellee,

> v.                                                                        09-2582-cv

Local Union No. 210, Laborers International Union
of North America, AFL-CIO

> Respondent-Counter Claimant-
> Appellant.

———————————————————————————

FOR APPELLANT:          RICHARD D. FURLONG, Lipsitz Green Scime Cambria LLP
                        (John M. Lichtenthal, on the brief), Buffalo, NY

_____

[*]Judge Chin was a District Judge at the United States District Court for the Southern District of New York, sitting by designation at the time of oral argument.

FOR APPELLEE:             MAUREEN E. SWEENEY, Blumling & Gusky, LLP (Robert J.
                          Blumling & Michael A. Brady, on the brief), Pittsburgh, PA


    Appeal from a judgment of the United States District Court for the Western District of
New York (Telesca, J.).

    **UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND
DECREED** that the judgment of the district court be **AFFIRMED IN PART** and
**REMANDED IN PART** with instructions**.**

    Petitioner is a signatory to various collective bargaining agreements, including an
agreement with respondent, which we refer to as "the CBA."  Respondent claims that petitioner
breached the CBA by assigning certain work to members of the Carpenters Local Union 289,
rather than respondent's members.  Petitioner sought and obtained an order vacating
respondent's determination that petitioner violated the CBA, and permanently staying
arbitration.  Respondent appeals.  We assume the parties' familiarity with the facts, procedural
history, and issues on appeal.

    As an initial matter, we find no merit to respondent's argument that the district court
lacked subject matter jurisdiction over the proceeding.  Although petitioner denominated its
initiatory papers a "petition" rather than a "complaint," it is well-settled that technical defects in
a petitioner's initiatory papers do not deprive a district court of subject matter jurisdiction.  See
Schlesinger v. Councilman, 420 U.S. 738, 742 n.5 (1975) (citing 2 James W.M. Moore, et al.,
Federal Practice and Procedure 3.04, pp. 718-20, 3.06(1), pp. 731-32 (2d ed. 1974)).  Here, the
"petition" consisted of numbered paragraphs giving notice of its claim.  The district court was
well within its discretion in accepting the pleading for filing.

    Respondent claims that the district court erred in vacating respondent's (apparently
unilateral) determination that petitioner breached the CBA and permanently staying arbitration.
The CBA provides that "[s]hould any dispute arise concerning the interpretation or application
of any clause in this Agreement . . . other than . . . [inter alia] jurisdictional disputes, the Union
shall have the sole jurisdiction to decide such dispute."  Thus, the issue is whether the parties
dispute is "jurisdictional" in nature:  if the dispute is jurisdictional, then the district court's
judgment was proper; otherwise not.  Our review is de novo.  See AT&T Techs., Inc. v.
Commc'ns Workers of Am., 475 U.S. 643, 649 (1986).

    The Supreme Court has noted that "jurisdiction" is a word with "many, too many,
meanings."  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 90 (1998) (internal quotation
marks omitted).  In the context of labor agreements, a jurisdictional dispute is one "between two
or more groups of employees over which is entitled to do certain work for an employer."
N.L.R.B. v. Radio & Television Broad. Eng'rs Union, 364 U.S. 573, 579 (1961); see also
Shank/Balfour Beatty v. Int'l Bhd. of Elec. Workers Local 99, 497 F.3d 83, 91 (1st Cir. 2007)
("The employer's main interest in . . . jurisdictional disputes is to avoid being subject to

inconsistent obligations.").

Respondent's central argument on appeal is that the parties' dispute is not "jurisdictional" in nature because although respondent is claiming that petitioner breached the CBA, it is not making a claim for the work petitioner assigned to members of the Carpenters' Union. Respondent characterizes its claim as one seeking damages for breach of the subcontracting clause of the CBA, not the right to perform under the CBA.

Respondent's suggestion that it is not making a claim for the work currently being assigned to the Carpenters is belied by its Notice of Grievance, in which it states that petitioner violated the CBA by "failing to hire Laborers to perform the work of unloading doors" and demands that petitioner "cease and desist its violation." However, even if respondent were not bound by its prior characterization of its claim – which, notably, fell under a section denominated "jurisdiction" in the CBA – respondent's claim would still fail as a matter of law. This Court has held that a union's claim for breach of a CBA based on the assignment of work to another union is jurisdictional in nature. See Constr. Indus. Emp'rs Ass'n. v. Local No. 210, Laborers Int'l Union of N. Am., 580 F.3d 89, 93 (2d Cir. 2009) (per curiam) (holding that dispute between Laborers and Carpenters over right to perform certain caisson work "fit[s] into the classic definition of a jurisdictional dispute"). Here, the work was subcontracted to members of another union rather than assigned directly. But this is a distinction without a difference. Both the Laborers and the Carpenters claim that they are entitled to perform the work. Under the plain terms of the CBA, this type of dispute is not arbitrable.

An additional note: Construction Industry Employers does not discuss the cases on which respondent seeks to rely, most notably Capitol Drilling Supplies, Inc., 318 NLRB No. 100 (1995), and Hutter Construction Co. v. International Union of Operating Engineers, 862 F.2d 641 (7th Cir. 1988). Even so, respondent's claim that the Eighth Circuit stands alone in rejecting the reasoning of these cases is demonstrably false. The First, Third, and Sixth Circuits, have also either explicitly rejected or indicated their disinclination to follow Hutter. Compare Local 513, Int'l Union of Operating Eng'rs v. J.S. Alberici Constr. Co., 936 F.2d 390, 392 (8th Cir. 1991), with T. Equip. Corp. v. Mass. Laborers' Dist. Council, 166 F.3d 11, 19 (1st Cir. 1999); Local 30, United Slate, Tile and Composition Roofers v. N.L.R.B., 1 F.3d 1419, 1428 (3d Cir. 1993); Trs. of B.A.C. Local 32 Ins. Fund v. Ohio Ceiling & Partition Co., 48 F. App'x 188, 197 (6th Cir. 2002) (suggesting without deciding that the Sixth Circuit would not follow Hutter).

Respondent also argues that the district court violated its due process rights by accepting petitioner's reply brief, even though it was filed approximately sixteen minutes late under the court's expedited briefing schedule. As the respondent points out, petitioner did not make a formal Rule 6 motion to file a late reply. See Fed. R. Civ. P. 6(b)(2). However, petitioner did submit a letter explaining the delay, which the district court could be deemed to have construed as a letter motion seeking leave to file. But this would be unnecessarily formalistic: district courts have broad discretion to enforce deadlines, or to excuse the enforcement of deadlines. Here, petitioner's reply was mere minutes late, and no prejudice could have resulted since respondent had no further right of reply. Respondent's suggestion that the court's failure to strike the brief is evidence of bias is frivolous.

Respondent's final argument is that, even if this were a jurisdictional dispute, the district court should have enforced the CBA and ruled in its favor. The district court did not reach this issue, which is based on respondent's third counterclaim. We therefore REMAND for the district court to consider whether petitioner breached the CBA by allowing the work to be subcontracted to members of the Carpenters Union. In all other respects, the judgment of the district court is AFFIRMED. Petitioner may recover its costs incurred in this Court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk